No. 2838

Second Circuit

———

POLICE JURY OF RAPIDES PARISH v.

MATTHEWS

———

(Oct. 11, 1926.   Opinion and Decree.)

———

(*Syllabus by the Editor.*)

1.  **Louisiana Digest—Mandamus—Par. 74; Courts—Par. 127, 141.**

Under Section 2 of Article VII of the Constitution of 1921, the Supreme Court has power to issue writs of mandamus in aid of its appellate jurisdiction. Therefore, the Court of Appeal is without jurisdiction to issue a mandamus directed to a district judge in a suit involving more than its appellate jurisdiction.

Application of William Chase Matthews for writ of mandamus directed to Judge R. C. Culpepper.

Application refused for want of jurisdiction.

J. C. Cappel, of Alexandria, attorney for relator.

BY THE WHOLE COURT:   Application of William Chase Matthews, defendant and relator in this application, for a writ of mandamus directed to the Hon. R. C. Culpepper, Judge of the Ninth Judicial District Court in and for the Parish of Rapides, commanding him to grant to relator a devolutive appeal from a judgment denying relator the right to bond.

Relator sets up in his application that he is parish treasurer of the Parish of Rapides and that on or about September 4, 1926, plaintiff, the Police Jury of Rap-ides parish, obtained from the Ninth Judicial District Court an order for a writ of sequestration commanding the sheriff of said parish to sequester and take into his possession all the books, papers, records and other documents pertaining to the office of parish treasurer; that relator, as parish treasurer, was in possession of all of said books, papers and record, and that he had a right to retain possession thereof; that the sheriff of said parish, acting by virtue of said order of sequestration issued by the judge, seized and took into his possession all of said books, records, etc. That subsequently relator filed a motion in the District Court asking to be permitted to bond said property upon furnishing a bond in such amount as the court should require with good and solvent sureties, and that the said judge, Hon. R. C. Culpepper, refused to permit relator to bond said property; and he asks that a writ of mandamus to issue, directed to the Hon. R. C. Culpepper, Judge of the Ninth Judicial District Court, commanding him to grant to relator a devolutive appeal from the judgment denying his right to bond.

Relator attached to his application the petition of the police jury in the above styled and numbered suit.  In that petition the police jury allege that it is the owner of the following described property, to-wit: One loose leaf ledger, one lot of cash books, one check register for warrants, one minute book, general record files, filing cabinets, typewriter, adding machine, check writer, desks, one vault door thereto and combination lock thereon, and other books, records, papers, vouchers, furniture, fixtures, seals and stationery and all other furniture, fixtures and effects contained or situated within said room.

All of which, it is alleged, were in the unlawful possession of the defendant, W.

Chase Matthews, and it is asked that a writ of sequestration issue commanding the sheriff of the Parish of Rapides to seize and sequester said property.

It is specially alleged in said suit that the records, documents, property and other effects described therein are well worth to your petitioner a sum and amount of at least fifty thousand dollars, and that the possession and use of said documents, records, etc., is well worth to your petitioner a sum in excess of fifty thousand dollars.

The value of the property in dispute, therefore, is more than the maximum jurisdiction of this court.

Under Section 2 of Article VII of the Constitution, this court may, in aid of its appellate jurisdiction, issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process.

Under the allegations of the petition in this case, an appeal from any judgment rendered by the judge of said court would lie to the Supreme Court and not to this court. We therefore have no jurisdiction to grant the relief prayed for.

Application refused.